# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 98-50276
### Summary Calendar

_____

### UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

### THEODORE MICHAEL BREWSTER,

Defendant-Appellant.

_____

### Appeal from the United States District Court
### for the Western District of Texas
### (P-97-CR-35-1)
_____

March 3, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Theodore Michael Brewster appeals his conviction and sentence for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841. Brewster contends that the district court clearly erred by increasing his offense level under U.S.S.G. § 3C1.1 based on the court's finding that Brewster's perjured testimony was obstruction of justice; that the district court clearly erred by finding that he was a manager or supervisor and thereby increasing his offense level under U.S.S.G. § 3B1.1(b); that his trial counsel was ineffective; and that the Government violated 18 U.S.C. §

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

201(c)(2) by promising leniency to a Government witness in exchange for his testimony at Brewster's trial.

Brewster's contentions are without merit. The district court made sufficient findings that Brewster committed perjury at trial; accordingly, the two-level increase for obstruction of justice under U.S.S.G. § 3C1.1 was appropriate. *See United States v. Storm*, 36 F.3d 1289, 1295 (5th Cir. 1994), *cert. denied*, 514 U.S. 1084 (1995). And, the district court did not clearly err by finding that Brewster supervised at least one other participant in transporting loads of marijuana. *See* U.S.S.G. § 3B1.1(b), comment. (n.2); *United States v. Mir*, 919 F.2d 940, 945 (5th Cir. 1990). Brewster's ineffective assistance of counsel claim was not raised in district court, and the record is not sufficiently developed for us to consider it for the first time on appeal. *See United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992). Finally, Brewster's contention that the Government violated 18 U.S.C. § 201(c)(2) by promising leniency to a Government witness in exchange for his testimony at Brewster's trial, also raised for the first time on appeal, is foreclosed by our precedent. *See United States v. Webster*, 162 F.3d 308, 357-58 (5th Cir. 1998); *United States v. Haese*, 162 F.3d 359, 366 (5th Cir. 1998).

*AFFIRMED*